| United States Bankruptcy Court<br>**Western District of Wisconsin** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Vogel, Mark A.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Vogel, Suzanne M.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6225** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5923** |
| Street Address of Debtor (No. and Street, City, and State):<br>**N5283 Watertown Road**<br>**Jefferson, WI**<br>ZIP Code **53549** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**N5283 Watertown Road**<br>**Jefferson, WI**<br>ZIP Code **53549** |
| County of Residence or of the Principal Place of Business:<br>**Jefferson** | County of Residence or of the Principal Place of Business:<br>**Jefferson** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
■ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Vogel, Mark A.**<br>**Vogel, Suzanne M.** |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X   /s/ David R. Westrick                        July 7, 2011** <br>Signature of Attorney for Debtor(s)                    (Date)<br>    **David R. Westrick 01021165** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

   ☐ Yes, and Exhibit C is attached and made a part of this petition.

   ■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

   ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

   ■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

   ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

   ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

   ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

   ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

           _____

           (Name of landlord that obtained judgment)

           _____

           (Address of landlord)

   ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

   ☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

   ☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Vogel, Mark A.**<br>**Vogel, Suzanne M.** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Mark A. Vogel**
Signature of Debtor **Mark A. Vogel**

X **/s/ Suzanne M. Vogel**
Signature of Joint Debtor **Suzanne M. Vogel**

Telephone Number (If not represented by attorney)

**July 7, 2011**
Date

**Signature of Attorney\***

X **/s/ David R. Westrick**
Signature of Attorney for Debtor(s)

**David R. Westrick 01021165**
Printed Name of Attorney for Debtor(s)

**Rogers & Westrick, S.C.**
Firm Name

**93 North Main Street**
**P.O. Box 68**
**Fort Atkinson, WI 53538-1860**

Address

**920-563-5577  Fax: 920-563-3577**
Telephone Number

**July 7, 2011**
Date
\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrtpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# United States Bankruptcy Court
## Western District of Wisconsin

In re **Mark A. Vogel**
**Suzanne M. Vogel**

_____
Debtor(s)

Case No. _____
Chapter **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. _[Summarize exigent circumstances here.]_ ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

      ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

      ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

      ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Mark A. Vogel**
                               **Mark A. Vogel**

Date:   **July 7, 2011**

# United States Bankruptcy Court
## Western District of Wisconsin

In re    **Mark A. Vogel**
      **Suzanne M. Vogel**                             Case No. _____

                                   Debtor(s)       Chapter     **13** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    □ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    □ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    □ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Suzanne M. Vogel**
                        **Suzanne M. Vogel**

Date:   **July 7, 2011**

# United States Bankruptcy Court

## Western District of Wisconsin

In re    **Mark A. Vogel,**
        **Suzanne M. Vogel**

Case No. _____

                                                   ,
                          Debtors

Chapter _____ **13** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 14 | 243,600.00 | | |
| B - Personal Property | Yes | 4 | 161,607.32 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 346,021.50 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 13,514.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 45,523.88 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 7,451.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 4,369.00 |
| Total Number of Sheets of ALL Schedules | | 31 | | | |
| Total Assets | | | 405,207.32 | | |
| Total Liabilities | | | | 405,059.38 | |

.

# United States Bankruptcy Court
## Western District of Wisconsin

In re   **Mark A. Vogel,**                             Case No. _____
       **Suzanne M. Vogel**

                                    Debtors      ,      Chapter_____**13**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 13,514.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 13,514.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 7,451.00 |
| Average Expenses (from Schedule J, Line 18) | 4,369.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 9,838.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 74,738.62 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 13,514.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 45,523.88 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 120,262.50 |

B6A (Official Form 6A) (12/07)

In re     **Mark A. Vogel,**
          **Suzanne M. Vogel**

                                                          Case No. _____

_____,
                          Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **N5283 Watertown Road, Town of Aztalan, Jefferson County, WI. First mortgage recorded on 9/28/07 as Doc. No. 1227752. Second mortgage recorded on 9/28/07 as Doc. No. 1227753.** | **Fee simple** | **C** | **226,500.00** | **296,659.17** |
| **One-half acre parcel of land located in Sawyer County, WI. Joint debtor owns one-sixth interest with Dennis Hebbe, Sr., Richard Hebbe, Doreen Gericke, Diane Grosenick, and Maynard Heger.** | **Tenants in Common** | **C** | **17,100.00** | **0.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | 243,600.00 | (Total of this page) |
| Total > | 243,600.00 |  |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

DOCUMENT NO.

**WARRANTY DEED**
STATE BAR OF WISCONSIN FORM 2 — 1982

THIS SPACE RESERVED FOR RECORDING DATA

VOL 927 PAGE 688
945151

RECEIVED FOR RECORD
at 11:10 o'clock A M

OCT 0 2 1995

Register of Deeds
Jefferson County, WI

Robert Fiedler and Mary Anne Fiedler,
his wife,

conveys and warrants to Mark A. Vogel and Suzanne M.
Vogel, husband and wife, as survivorship
marital property,

the following described real estate in ...... Jefferson ............... County,
State of Wisconsin:

RETURN TO THE BANK OF FORT ATKINSON
200 SHERMAN AVENUE W
FORT ATKINSON WI 53538-1705

N
STATE TRANSFER
Tax Paid
$469.50

Tax Parcel No: 07-14-35-21-005
Comp. #002-0881-0000

Legal description attached

This __is not__ homestead property.
(is) (is not)

Exception to warranties: easements and restrictions of record and
municipal zoning.

Dated this ...... 28 ...... day of ...... September ...... , 19 95 .

........................ (SEAL)      Robert Fiedler (SEAL)
                                     . Robert Fiedler

........................ (SEAL)      Mary Anne Fiedler (SEAL)
                                     . Mary Anne Fiedler

**AUTHENTICATION**

Signature(s) ...........................................................

authenticated this ........ day of ............................ , 19.....

*
TITLE: MEMBER STATE BAR OF WISCONSIN
     (If not, .........................................
     authorized by § 706.06, Wis. Stats.)

THIS INSTRUMENT WAS DRAFTED BY
Attorney Stephen O. Hart
Edgerton, WI  53534

(Signatures may be authenticated or acknowledged. Both
are not necessary.)

**ACKNOWLEDGMENT**

STATE OF WISCONSIN
                              } ss.
JEFFERSON .......... County.

Personally came before me this ...... 28 ...... day of
September .......... , 19 95 .. the above named
Robert Fiedler and Mary Anne
Fiedler

to me known to be the person X .......... who executed the
foregoing instrument and acknowledge the same.

Stephen L. Zimmerman
Notary Public ............ Jefferson .......... County, Wis.
My Commission is permanent. (If not, state expiration
date: .......... 1-14 .......... , 19 96 ..)

*Names of persons signing in any capacity should be typed or printed below their signatures.

Parcel 1: Part of the Northwest Quarter of Section 35, Township 7 North, Range 14 East, Town of Aztalan, Jefferson County, Wisconsin, described as follows: Commencing at a point on the North line of said section where the same intersects with the centerline of a road; thence West 316.30 feet along said section line to a point; thence South at right angles 172.07 feet to an iron pipe stake which is the point of beginning; thence East at right angles 275.82 feet to the center of a road; thence South 9 degrees 11' West 101.57 feet to a point on the centerline of a road; thence West 259.65 feet parallel with said section line to an iron pipe stake; thence North at right angles 100.00 feet to the point of beginning.

Parcel 2: A parcel of land in the Northwest Quarter of Section 35, Township 7 North, Range 14 East, described as follows: Commencing at a point on the North line of said section where the same intersects with the centerline of a road; thence West 316.30 feet along said section line to a point; thence South at right angles 172.07 feet to an iron pipe stake; thence East at right angles and parallel to said section line 275.82 feet, more or less, to the centerline of a road; thence Northeasterly along said centerline to place of beginning. Excepting therefrom a parcel of land conveyed to Harold H. Harris and Juanita R. Harris, his wife by deed recorded February 21, 1984, in Vol. 641 P. 973 as Document No. 796164.

Parcel 3: Non-exclusive easement for the benefit of Parcels 1 and 2 as contained in Deed recorded February 21, 1957, in Vol. 301 P. 374.

Parcel 4: Non-exclusive easement for the benefit of Parcels 1 and 2 as contained in Deed recorded January 4, 1984, in Vol. 640 P. 203 as Document No. 795059.

## QUIT CLAIM DEED

Ethel E. Hebbe, a/k/a Ethel Hebbe, a single person, quit claims to Dennis Hebbe Sr., Richard Hebbe, Doreen Gericke, Diane Grosenick, Maynard Heger, and Suzanne Vogel, as tenants in common, real estate located in Sawyer County, Wisconsin, legally described in Exhibit A attached to and made a part of this deed by reference.

Tax parcel no(s):

This is not homestead property.

Dated 30 January 1996.

*Ethel E. Hebbe* (Seal)
Ethel E. Hebbe

# EXEMPT

Signature authenticated on 30 January 1996.

252599

Register's Office
Sawyer County } ss
Received for record this 5 day of
Feb A D 19 96 at 8 o'clock
A M and recorded as vol 570
of Records on page 316-317
E. Force Smith
Register

Deputy

*Deane C. D'Aoust*
Deane C. D'Aoust
Member State Bar of Wisconsin
SBN 1007776

This instrument was drafted by Attorney Deane C. D'Aoust of D'Aoust Law Office, P.O. Box 88, Jefferson, WI 53549.

EXHIBIT A


A parcel of land in Government Lot Eight (8), Section Four (4), Township Forty-one (41) North, Range Nine (9) West, more particularly described as follows:  Commencing at the East 1/8 corner between Sections 4 and 9, Township 41 North, Range 9 West; thence North 53 degrees 38' West 175 feet to an iron pipe on the East right of way line of the town road; thence North 59 degrees 00' West along the East right of way line of the town road 317 feet to an iron pipe which is the point of beginning; thence North 59 degrees 00' West along the East right of way line 83 feet to a gas pipe; thence North 22 degrees 03' East 257.5 feet to a gas pipe on the West shore of Smith Lake; thence south-easterly along the shore 83 feet to an iron pipe; thence South 22 degrees 03' West 257.2 feet to the iron pipe which is the point of beginning.  Parcel contains 1/2 acres, more or less.

Subject to all easements, exceptions and reservations of record.

**1227752**

# MORTGAGE

**000004**

DOCUMENT NUMBER

NAME & RETURN ADDRESS
U.S. BANK, Attn: Kim Kintop
Mail Stop MK-WI-RF-HM
809 S 60th Street, #210
West Allis, WI 53214

RECEIVED FOR RECORD
at _4:25_ o'clock _A_ M

SEP 28 2007

REGISTER OF DEEDS
JEFFERSON COUNTY, WI

PARCEL IDENTIFIER NUMBER
002-0714-3521-0

————————————[Space Above This Line For Recording Data]————————————

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) **"Security Instrument"** means this document, which is dated **September 17, 2007** together with all Riders to this document.
(B) **"Borrower"** is **MARK A VOGEL AND SUZANNE M VOGEL, HUSBAND & WIFE AS SURVIVORSHIP MARITAL PROPERTY**

Borrower is the mortgagor under this Security Instrument.
(C) **"Lender"** is **U.S. BANK NATIONAL ASSOCIATION ND**

Lender is a **A NATIONAL ASSOCIATION**
organized and existing under the laws of **THE UNITED STATES OF AMERICA**

00008250300875

WISCONSIN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3050 1/01

**-6(WI)** (0005).02

Page 1 of 15        Initials: *MAV*  *SmV*

VMP MORTGAGE FORMS - 800/521-7291

EXHIBIT _B_

**000005**

Lender's address is **4325 - 17TH AVENUE SW, FARGO, ND  58103**

Lender is the mortgagee under this Security Instrument.
(D) **"Note"** means the promissory note signed by Borrower and dated **September 17, 2007**
The Note states that Borrower owes Lender **TWO HUNDRED TWENTY FIVE THOUSAND AND 00/100**
                                                                            Dollars
(U.S. $ **225,000.00**          ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than **October 1, 2022**.
(E) **"Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."
(F) **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(G) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☒ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(H) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(I) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(J) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(K) **"Escrow Items"** means those items that are described in Section 3.
(L) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(M) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(N) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(O) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used
in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard
to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage
loan" under RESPA.

00008250300875

-6(WI) (0005).02                        Page 2 of 15                Initials: MHV                Form 3050   1/01
                                                                           SMV

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the following described property located in the
          **COUNTY**          of           **JEFFERSON**    :
     [Type of Recording Jurisdiction]               [Name of Recording Jurisdiction]
**SEE "ATTACHMENT A"**

which currently has the address of **N5283 WATERTOWN RD**
                                                   [Street]

**JEFFERSON**                       [City], Wisconsin **53549**     [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this 00008250300875

-6(WI) (0005).02               Page 3 of 16      Initials: _MM_ _SM_      Form 3050  1/01

## LEGAL DESCRIPTION

PARCEL 1:

PART OF THE NORTHWEST QUARTER OF SECTION 35, TOWNSHIP 7
NORTH, RANGE 14 EAST, TOWN OF AZTALAN, JEFFERSON COUNTY,
WISCONSIN, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE NORTH LINE OF SAID SECTION
WHERE THE SAME INTERSECTS WITH THE CENTERLINE OF A ROAD;
THENCE WEST 316.30 FEET ALONG SAID SECTION LINE TO A
POINT; THENCE SOUTH AT RIGHT ANGLES 172.07 FEET TO AN IRON
PIPE STAKE WHICH IS THE POINT OF BEGINNING; THENCE EAST AT
RIGHT ANGLES 275.82 FEET TO THE CENTER OF A ROAD; THENCE
SOUTH 9 DEGREES 11'WEST 101.57 FEET TO A POINT ON THE
CENTERLINE OF A ROAD; THENCE WEST 259.65 FEET PARALLEL
WITH SAID SECTION LINE TO AN IRON PIPE STAKE; THENCE NORTH
AT RIGHT ANGLES 100.00 FEET TO THE POINT OF BEGINNING.

PARCEL 2:

A PARCEL OF LAND IN THE NORTHWEST QUARTER OF SECTION 35,
TOWNSHIP 7 NORTH, RANGE 14 EAST, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE NORTH LINE OF SAID SECTION
WHERE THE SAME INTERSECTS WITH THE CENTERLINE OF A ROAD;
THENCE WEST 316.30 FEET ALONG SAID SECTION LINE TO A
POINT; THENCE SOUTH AT RIGHT ANGLES 172.07 FEET TO AN IRON
PIPE STAKE; THENCE EAST AT RIGHT ANGLES AND PARALLEL TO
SAID SECTION LINE 275.82 FEET; MORE OR LESS, TO THE
CENTERLINE, OF A ROAD; THENCE NORTHEASTERLY ALONG SAID
CENTERLINE TO PLACE OF BEGINNING. EXCEPTING THEREFROM A
PARCEL OF LAND CONVEYED TO HAROLD H. HARRIS AND JUANITA R.
HARRIS, HIS WIFE BY DEED RECORDED FEBRUARY 21, 1984, IN
VOL. 641 9. 973 AS DOCUMENT NO. 796164.

PARCEL 3: NON-EXCLUSIVE EASEMENT FOR THE BENEFIT OF
PARCELS 1 AND 2 AS CONTAINED IN DEED RECORDED FEBRUARY 21,
1957, IN VOL. 301 P. 374.

PARCEL 4: NON-EXCLUSIVE EASEMENT FOR THE BENEFIT OF
PARCELS 1 AND 2 AS CONTAINED IN DEED RECORDED JANUARY 4,
1984, IN VOL. 640 P.203 AS DOCUMENT NO. 795059.

## 000018

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____

_____ (Seal)
MARK A VOGEL                    -Borrower

_____

_____ (Seal)
SUZANNE M VOGEL                 -Borrower

_____ (Seal)          _____ (Seal)

SUZANNE M VOGEL          -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                          -Borrower

00008250300875

-6(WI) (0005).02            Page 14 of 16            Form 3050   1/01

**000019**

STATE OF WISCONSIN,     *JEFFERSON*       County ss:
The foregoing instrument was acknowledged before me this *17ᵉ SEPTEMBER 2007*
by *MARK A. VOGEL and SUZANNE M. VOGEL*

My Commission Expires: *01-03-10*

_____
Notary Public, State of Wisconsin
*B.E. BROCKMAN*

This instrument was prepared by
TARA STUFLICK
For U.S. Bank National Association ND
16 NINTH AVENUE NORTH
HOPKINS, MN 55343

00008250300875

-6(WI) (0005).02      Page 16 of 15      Form 3050 1/01

**1227753**

**000021**

DOCUMENT NUMBER:

NAME & RETURN ADDRESS:
Irwin Home Equity Corporation
Attn: Loan Servicing - Post Closing
12677 Alcosta Blvd., #500
San Ramon, CA 94583
1-800-977-7364

PARCEL IDENTIFIER NUMBER:
002-0714-3521-005

## MORTGAGE

RECEIVED FOR RECORD
at _9:25_ o'clock _A_ M

SEP 2 8 2007

REGISTER OF DEEDS
JEFFERSON COUNTY, WI

Loan #: 614-0001789963                                          MIN  100135300017899634

THIS MORTGAGE is made this      17th    day of   September,  2007             , between the Mortgagor,
MARK A. VOGEL AND SUZANNE M. VOGEL, HUSBAND AND WIFE, AS SURVIVORSHIP MARITAL
PROPERTY

(herein "Borrower"), and the Mortgagee,
Mortgage Electronic Registration Systems, Inc., a corporation organized and existing under the laws of Delaware, with an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS (herein "MERS") and the
successors and assigns of MERS. MERS is a separate corporation that is acting solely as a nominee for IRWIN UNION
BANK AND TRUST COMPANY, a corporation organized and existing under the laws of Indiana, with an address of
1818 East College Parkway, Carson City, NV 89706 (herein "Lender")and Lender's successors and assigns.

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $   56,250.00    , which indebtedness
is evidenced by Borrower's note dated the same date as this Mortgage and extensions and renewals thereof (herein "Note"),
providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due
and payable on              October 15, 2032
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the
payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage;
and the performance of the covenants and agreements of Borrower herein contained, grant does hereby mortgage,
grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and
assigns of MERS, with power of sale, the following described property located in the County of   Jefferson
State of Wisconsin:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE PART HEREOF

which has the address of    N5283 WATERTOWN RD
[Street]

Jefferson                                      , Wisconsin    53549    (herein "Property Address");
[City]                                                        [ZIP Code]
TOGETHER with all the buildings, fixtures and improvements now or hereafter erected on the property, all water,
irrigation, drainage, reservoir or ditch rights, however evidenced, and all rights of way, easements, rents, issues, profits,
royalties, minerals, oil and gas rights and profits, tenements, hereditaments, privileges, and appurtenances connected
therewith, now or hereafter used or enjoyed with the property or any part thereof. All replacements and additions shall be
covered by this Mortgage. All of the foregoing is referred to in this Mortgage as the "Property."
BORROWER understands and agrees that MERS holds only legal title to the interests granted by Borrower under this
Mortgage, but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and
assigns) has the right to exercise any or all of these interests, including, but not limited to, the right to foreclose and sell
the Property; and to take any action required of Lender, including, but not limited to, releasing and canceling this
Mortgage.
BORROWER covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage,
grant, bargain, sell and convey the Property. Borrower warrants that the Property is free and clear of all liens, claims and
encumbrances, except for covenants, easements, reservations, restrictions and rights of way of record, and encumbrances
specifically disclosed by Borrower to Lender and approved by Lender in writing.  Borrower warrants and will defend
generally the title to the Property against all claims and demands, subject only to the foregoing enumerated restrictions and
encumbrances.
UNIFORM COVENANTS.  Borrower and Lender covenant and agree as follows:
**1. Payment of Principal, Interest and Other Charges.**  Borrower shall promptly pay when due the principal and
interest indebtedness evidenced by the Note and any prepayment and other charges as provided in the Note.
**2. Funds for Taxes and Insurance.**  Subject to applicable law Lender may require Borrower to pay Lender on the
day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and
assessments which may attain priority over this Mortgage as a lien on the Property; (b) yearly leasehold payments or

---

**WISCONSIN - SECOND MORTGAGE**

MERS-BI265501 (Rev. 06/12/06) WI BRKR-HEL          Page 1 of 5

LEGAL DESCRIPTION

PARCEL 1:

PART OF THE NORTHWEST QUARTER OF SECTION 35, TOWNSHIP 7
NORTH, RANGE 14 EAST, TOWN OF AZTALAN, JEFFERSON COUNTY,
WISCONSIN, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE NORTH LINE OF SAID SECTION
WHERE THE SAME INTERSECTS WITH THE CENTERLINE OF A ROAD;
THENCE WEST 316.30 FEET ALONG SAID SECTION LINE TO A
POINT; THENCE SOUTH AT RIGHT ANGLES 172.07 FEET TO AN IRON
PIPE STAKE WHICH IS THE POINT OF BEGINNING; THENCE EAST AT
RIGHT ANGLES 275.82 FEET TO THE CENTER OF A ROAD; THENCE
SOUTH 9 DEGREES 11'WEST 101.57 FEET TO A POINT ON THE
CENTERLINE OF A ROAD; THENCE WEST 259.65 FEET PARALLEL
WITH SAID SECTION LINE TO AN IRON PIPE STAKE; THENCE NORTH
AT RIGHT ANGLES 100.00 FEET TO THE POINT OF BEGINNING.

PARCEL 2:

A PARCEL OF LAND IN THE NORTHWEST QUARTER OF SECTION 35,
TOWNSHIP 7 NORTH, RANGE 14 EAST, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE NORTH LINE OF SAID SECTION
WHERE THE SAME INTERSECTS WITH THE CENTERLINE OF A ROAD;
THENCE WEST 316.30 FEET ALONG SAID SECTION LINE TO A
POINT; THENCE SOUTH AT RIGHT ANGLES 172.07 FEET TO AN IRON
PIPE STAKE; THENCE EAST AT RIGHT ANGLES AND PARALLEL TO
SAID SECTION LINE 275.82 FEET; MORE OR LESS, TO THE
CENTERLINE, OF A ROAD; THENCE NORTHEASTERLY ALONG SAID
CENTERLINE TO PLACE OF BEGINNING. EXCEPTING THEREFROM A
PARCEL OF LAND CONVEYED TO HAROLD H. HARRIS AND JUANITA R.
HARRIS, HIS WIFE BY DEED RECORDED FEBRUARY 21, 1984, IN
VOL. 641 9. 973 AS DOCUMENT NO. 796164.

PARCEL 3: NON-EXCLUSIVE EASEMENT FOR THE BENEFIT OF
PARCELS 1 AND 2 AS CONTAINED IN DEED RECORDED FEBRUARY 21,
1957, IN VOL. 301 P. 374.

PARCEL 4: NON-EXCLUSIVE EASEMENT FOR THE BENEFIT OF
PARCELS 1 AND 2 AS CONTAINED IN DEED RECORDED JANUARY 4,
1984, IN VOL. 640 P.203 AS DOCUMENT NO. 795059.

**0000~6**   614-0001789963

the permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**26. Non-Borrowing Party's Joinder.** The execution of this Mortgage by any person who has no present interest of record in the Property shall not be deemed to indicate that any interest presently exists and shall only constitute that person's agreement that if he/she holds a present interest not of record or an inchoate right, or hereafter acquires such an interest or right, in the Property that such interest or right shall be subject to Lender's interest under this Mortgage. Further, by executing this Mortgage, that person does not assume contractual liability under the Note secured by this Mortgage.

**REQUEST FOR NOTICE OF DEFAULT**
**AND FORECLOSURE UNDER SUPERIOR**
**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

**NOTICE TO CUSTOMER**
(a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE PREVIOUS PAGES, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

_____ (Seal) Borrower
MARK A VOGEL

_____ (Seal) Borrower
SUZANNE M VOGEL

_____ (Seal) Borrower

_____ (Seal) Borrower
*(Sign Original Only)*

**STATE OF WISCONSIN,** Jefferson **County ss:**
The foregoing instrument was acknowledged before me this 17th day of September, 2007 by MARK A VOGEL and SUZANNE M VOGEL.

My Commission Expires: 01-03-10

Signature - Notary Public, State of Wisconsin
R.E. BROKMAN
Type or Print Notary Public Name

This instrument was prepared by Deandra Richardson-Batts
Irwin Home Equity Corporation
12677 Alcosta Blvd., Suite 500
San Ramon, CA 94583

(Seal)
—— (Space Below This Line Reserved For Lender and Recorder) ——

WISCONSIN - SECOND MORTGAGE

MERS-BI265505 (Rev. 03/01/02) WI BRKR-HEL          Page 5 of 5

In re    **Mark A. Vogel,**                                     Case No. _____
         **Suzanne M. Vogel**

_____ ,
Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash** | **C** | 50.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account at Fort Community Credit Union** | **C** | 300.00 |
| | | | **Savings account at Fort Community Credit Union** | **C** | 10.00 |
| | | | **Checking account at County City Credit Union** | **C** | 900.00 |
| | | | **Savings account at County City Credit Union** | **C** | 50.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Washer ($100), dryer ($100), stove ($100), refrigerator ($100), microwave ($25), bedroom set ($200), kitchen set ($75), 2 beds ($100), 2 dressers ($150), couch ($100), chairs ($50), end tables ($50), lamps ($20), linens ($25), cookware ($100), computer ($200), 2 lawn mowers ($100), snowblower ($50), gas grill ($25), and misc. household items ($100)** | **C** | 1,770.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **50 books, 200 CDs** | **C** | 250.00 |
| 6. | Wearing apparel. | | **Clothing** | **C** | 300.00 |
| 7. | Furs and jewelry. | | **Wedding rings and misc. jewelry** | **C** | 1,000.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | | **2 shotguns, 2 handguns** | **C** | 400.00 |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Knights of Columbus life insurance policy ($50,000 death value)** | **C** | 0.00 |
| | | | **Knights of Columbus life insurance policy ($150,000 death value)** | **C** | 0.00 |

| | | |
|---|---|---|
| | Sub-Total > | **5,030.00** |
| | (Total of this page) | |

   **3**    continuation sheets attached to the Schedule of Personal Property

In re   **Mark A. Vogel,**                                 Case No. _____

         **Suzanne M. Vogel**

                                                      ,

                                     Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Ball Corporation 401(k)** | C | 9,459.88 |
| | | **Anheuser Busch Deferred Income Stock Purchase and Savings Plan - 401(k) plan** | C | 112,262.44 |
| | | **Ball Corporation pension** | C | 0.00 |
| | | **Anheuser Busch pension** | C | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |

                                         Sub-Total >       **121,722.32**

                                     (Total of this page)

Sheet  **1**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

In re    **Mark A. Vogel,**                                Case No. _____

          **Suzanne M. Vogel**

                                                      Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2011 Chevrolet Malibu (co-owner with Tamara S. Vogel and co-signer on loan) | C | 19,555.00 |
| | | 1994 Plymouth Voyager | C | 835.00 |
| | | 2005 Chevrolet Silverado (co-owner with David M. Ritter and co-signer on loan) | C | 12,965.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | Dog | C | 0.00 |

                                                   Sub-Total >       **33,355.00**
                                              (Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

In re    **Mark A. Vogel,**                                     Case No. _____

         **Suzanne M. Vogel**

                                            Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Wrenches, sockets, screwdrivers, compressor, air tools, tool box, drills, saw** | C | 1,500.00 |

| | |
|---|---|
| Sub-Total > (Total of this page) | 1,500.00 |
| Total > | 161,607.32 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re   **Mark A. Vogel,**
       **Suzanne M. Vogel**

Case No. _____

Debtors     ,

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ Check if debtor claims a homestead exemption that exceeds $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

■ 11 U.S.C. §522(b)(2)
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| One-half acre parcel of land located in Sawyer County, WI.  Joint debtor owns one-sixth interest with Dennis Hebbe, Sr., Richard Hebbe, Doreen Gericke, Diane Grosenick, and Maynard Heger. | 11 U.S.C. § 522(d)(5) | 17,100.00 | 17,100.00 |
| **Cash on Hand** | | | |
| Cash | 11 U.S.C. § 522(d)(5) | 50.00 | 50.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Checking account at Fort Community Credit Union | 11 U.S.C. § 522(d)(5) | 300.00 | 300.00 |
| Savings account at Fort Community Credit Union | 11 U.S.C. § 522(d)(5) | 10.00 | 10.00 |
| Checking account at County City Credit Union | 11 U.S.C. § 522(d)(5) | 900.00 | 900.00 |
| Savings account at County City Credit Union | 11 U.S.C. § 522(d)(5) | 50.00 | 50.00 |
| **Household Goods and Furnishings** | | | |
| Washer ($100), dryer ($100), stove ($100), refrigerator ($100), microwave ($25), bedroom set ($200), kitchen set ($75), 2 beds ($100), 2 dressers ($150), couch ($100), chairs ($50), end tables ($50), lamps ($20), linens ($25), cookware ($100), computer ($200), 2 lawn mowers ($100), snowblower ($50), gas grill ($25), and misc. household items ($100) | 11 U.S.C. § 522(d)(3) | 1,770.00 | 1,770.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| 50 books, 200 CDs | 11 U.S.C. § 522(d)(5) | 250.00 | 250.00 |
| **Wearing Apparel** | | | |
| Clothing | 11 U.S.C. § 522(d)(5) | 300.00 | 300.00 |
| **Furs and Jewelry** | | | |
| Wedding rings and misc. jewelry | 11 U.S.C. § 522(d)(4) | 1,000.00 | 1,000.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| 2 shotguns, 2 handguns | 11 U.S.C. § 522(d)(5) | 400.00 | 400.00 |
| **Interests in Insurance Policies** | | | |
| Knights of Columbus life insurance policy ($50,000 death value) | 11 U.S.C. § 522(d)(7) | 0.00 | 0.00 |
| Knights of Columbus life insurance policy ($150,000 death value) | 11 U.S.C. § 522(d)(7) | 0.00 | 0.00 |

\_\_\_1\_\_\_ continuation sheets attached to Schedule of Property Claimed as Exempt

In re  **Mark A. Vogel,**                                    Case No. _____
     **Suzanne M. Vogel**
                                       ,
                               Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Ball Corporation 401(k)** | **11 U.S.C. § 522(d)(10)(E)** | **9,459.88** | **9,459.88** |
| **Anheuser Busch Deferred Income Stock Purchase and Savings Plan - 401(k) plan** | **11 U.S.C. § 522(d)(10)(E)** | **112,262.44** | **112,262.44** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **1994 Plymouth Voyager** | **11 U.S.C. § 522(d)(2)** | **835.00** | **835.00** |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| **Wrenches, sockets, screwdrivers, compressor, air tools, tool box, drills, saw** | **11 U.S.C. § 522(d)(5)** | **1,500.00** | **1,500.00** |
| | Total: | **146,187.32** | **146,187.32** |

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

In re    **Mark A. Vogel,**                          Case No. _____

         **Suzanne M. Vogel**

Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **154916946483** | | | 1/28/11 | | | | | |
| | | | Security agreement | | | | | |
| **Ally Financial** P.O. Box 380902 Bloomington, MN 55438-0902 | X | C | 2011 Chevrolet Malibu (co-owner with Tamara S. Vogel and co-signer on loan) | | X | | | |
| | | | Value $      **19,555.00** | | | | **17,060.38** | **0.00** |
| Account No. | | | Lease | | | | | |
| | | | Lease of 2011 Chevrolet Malibu | | | | | |
| **Ally Financial** P.O. Box 130424 Roseville, MN 55113-0004 | | C | | | X | | | |
| | | | Value $      **14,757.50** | | | | **14,757.50** | **0.00** |
| Account No. **0001789963** | | | Second mortgage | | | | | |
| | | | N5283 Watertown Road, Town of Aztalan, Jefferson County, WI. | | | | | |
| **Real Time Resolutions, Inc.** P.O. Box 35888 Dallas, TX 75235-0888 | | C | | | X | | | |
| | | | Value $      **226,500.00** | | | | **60,409.75** | **60,409.75** |
| Account No. **8250300875** | | | 9/07 | | | | | |
| | | | First mortgage | | | | | |
| **U.S. Bank Home Mortgage** % Johnson, Blumberg, & Associates 230 W. Monroe Street, Suite 1125 Chicago, IL 60606 | | C | N5283 Watertown Road, Town of Aztalan, Jefferson County, WI. | | X | | | |
| | | | Value $      **226,500.00** | | | | **236,249.42** | **9,749.42** |
|    **1**    continuation sheets attached | | | Subtotal (Total of this page) | | | | **328,477.05** | **70,159.17** |

B6D (Official Form 6D) (12/07) - Cont.

In re  **Mark A. Vogel,**
      **Suzanne M. Vogel**

Case No. _____

_____,
                  Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **5940057153** | | | 5/08 | | | | | |
| **Wachovia Dealer Services** P.O. Box 25341 Santa Ana, CA 92799-5341 | X | C | Security agreement  2005 Chevrolet Silverado (co-owner with David M. Ritter and co-signer on loan) | | | X | | |
| | | | Value $ 12,965.00 | | | | 17,544.45 | 4,579.45 |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

Sheet 1 of 1 continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal (Total of this page) | 17,544.45 | 4,579.45 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 346,021.50 | 74,738.62 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

.

In re   **Mark A. Vogel,**                              Case No. _____
        **Suzanne M. Vogel**

                                ,
                            Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts *not* entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

\_\_\_\_\_1\_\_\_\_\_ continuation sheets attached

In re **Mark A. Vogel,**
     **Suzanne M. Vogel**

Case No. _____

Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts**
**Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | 1/10 | | | | | | |
| **Internal Revenue Service** **P.O. Box 21126** **Philadelphia, PA 19114** | C | | **2010 federal income tax** | | X | | | 0.00 | |
| | | | | | | | 13,514.00 | 13,514.00 | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00 | |
|---|---|---|---|
| | | 13,514.00 | 13,514.00 |
| | Total (Report on Summary of Schedules) | 0.00 | |
| | | 13,514.00 | 13,514.00 |

In re    **Mark A. Vogel,**                                    Case No. _____

            **Suzanne M. Vogel**

                                          Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **5491-1303-3458-0537** <br><br> **AT&T Universal Card** <br> **P.O. Box 6500** <br> **Sioux Falls, SD 57117-6500** | C | | **3/01** <br> **Credit card** | | X | | **7,098.70** |
| Account No. **5490-3538-3905-8632** <br><br> **Bank of America** <br> **P.O. Box 851001** <br> **Dallas, TX 75285-1001** | C | | **11/98** <br> **Credit card** | | X | | **683.49** |
| Account No. **4888-9300-6988-7468** <br><br> **Bank of America** <br> **P.O. Box 851001** <br> **Dallas, TX 75285-1001** | C | | **10/99** <br> **Credit card** | | X | | **1,266.22** |
| Account No. **4888-6031-1340-1236** <br><br> **Bank of America** <br> **P.O. Box 851001** <br> **Dallas, TX 75285-1001** | C | | **3/95** <br> **Credit card** | | X | | **3,887.39** |

| | Subtotal <br> (Total of this page) | **12,935.80** |
|---|---|---|

\_\_2\_\_ continuation sheets attached

In re **Mark A. Vogel,**
      **Suzanne M. Vogel**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **5491-0405-5103-1231** | | | | **2/97** **Credit card** | | | | |
| **Chase Card Services** **P.O. Box 94014** **Palatine, IL 60094-4014** | C | | | | | X | | |
| | | | | | | | | 12,678.99 |
| Account No. **4357-8754-2015-5034** | | | | **11/96** **Credit card** | | | | |
| **Chase Card Services** **P.O. Box 94014** **Palatine, IL 60094-4014** | C | | | | | X | | |
| | | | | | | | | 1,381.18 |
| Account No. **4266-9020-2905-1727** | | | | **10/95** **Credit card** | | | | |
| **Chase Card Services** **P.O. Box 94014** **Palatine, IL 60094-4014** | C | | | | | X | | |
| | | | | | | | | 6,716.18 |
| Account No. **xxxx-xxxx-xxxx-6762** | | | | **1/94** **Credit card** | | | | |
| **Discover Card** **P.O. Box 6103** **Carol Stream, IL 60197-6103** | C | | | | | X | | |
| | | | | | | | | 1,797.17 |
| Account No. **5410-5839-0177-3760** | | | | **2/93** **Credit card** | | | | |
| **HSBC Card Services** **P.O. Box 5241** **Carol Stream, IL 60197-5241** | C | | | | | X | | |
| | | | | | | | | 4,864.43 |

Sheet no. __1__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

27,437.95

In re    **Mark A. Vogel,**
       **Suzanne M. Vogel**                   Case No. _____

_____,
                              Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. 0420-6911-0003-6290 | | | | 10/95 Credit card | | | | |
| **HSBC Retail Services Dept. 7680 Carol Stream, IL 60116-7680** | C | | | | | X | | 3,106.54 |
| Account No. 020-8181-826 | | | | 2/95 Credit card | | | | |
| **Kohl's P.O. Box 2983 Milwaukee, WI 53201-2983** | C | | | | | X | | 1,035.14 |
| Account No. 7714-1002-8021-3380 | | | | 10/94 Credit card | | | | |
| **Sam's Club/GEMB P.O. Box 530942 Atlanta, GA 30353-0942** | C | | | | | X | | 796.17 |
| Account No. 4190-0303-4084-9057 | | | | 2/93 Credit card | | | | |
| **U.S. Bank P.O. Box 790408 Saint Louis, MO 63179-0408** | C | | | | | X | | 212.28 |
| Account No. | | | | | | | | |

Sheet no. __2__ of __2__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | 5,150.13 |
| Total (Report on Summary of Schedules) | 45,523.88 |

In re    **Mark A. Vogel,**                                                        Case No. _____

                **Suzanne M. Vogel**

                                                Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
|---|---|
| **Ally Financial**<br>**P.O. Box 130424**<br>**Roseville, MN 55113-0004** | **Car lease** |

**0**      continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re  **Mark A. Vogel,**
      **Suzanne M. Vogel**

Case No. _____

_____,
Debtors

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **David M. Ritter**<br>**320 Maple Grove Drive**<br>**Jefferson, WI 53549** | **Wachovia Dealer Services**<br>**P.O. Box 25341**<br>**Santa Ana, CA 92799-5341** |
| **Tamara S. Vogel**<br>**N5283 Watertown Road**<br>**Jefferson, WI 53549** | **Ally Financial**<br>**P.O. Box 380902**<br>**Bloomington, MN 55438-0902** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

In re **Mark A. Vogel** **Suzanne M. Vogel**   Case No. _____

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Supervisor** | **Sales Associate** |
| Name of Employer | **Ball Corporation** | **Fashions Outlet of America** |
| How long employed | **12 years** | **6 years** |
| Address of Employer | **201 E. Cramer Street** **Fort Atkinson, WI 53538** | **Linmar Lane** **Johnson Creek, WI 53038** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 9,383.00 | $ | 455.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 9,383.00 | $ | 455.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | 1,877.00 | $ | 41.00 |
|     b. Insurance | $ | 0.00 | $ | 0.00 |
|     c. Union dues | $ | 0.00 | $ | 0.00 |
|     d. Other (Specify): **401(k) contribution (5%)** | $ | 469.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 2,346.00 | $ | 41.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 7,037.00 | $ | 414.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 7,037.00 | $ | 414.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 7,451.00 | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**None**

**B6J (Official Form 6J) (12/07)**

In re  **Mark A. Vogel**
    **Suzanne M. Vogel**                           Case No. _____
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 1,250.00 |
| a. Are real estate taxes included? Yes ___ No **X** | | |
| b. Is property insurance included? Yes ___ No **X** | | |
| 2. Utilities: a. Electricity and heating fuel | | $ 275.00 |
| b. Water and sewer | | $ 100.00 |
| c. Telephone | | $ 130.00 |
| d. Other **Cable** | | $ 160.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 0.00 |
| 4. Food | | $ 1,100.00 |
| 5. Clothing | | $ 100.00 |
| 6. Laundry and dry cleaning | | $ 0.00 |
| 7. Medical and dental expenses | | $ 200.00 |
| 8. Transportation (not including car payments) | | $ 450.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 200.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | $ 0.00 |
| b. Life | | $ 0.00 |
| c. Health | | $ 254.00 |
| d. Auto | | $ 150.00 |
| e. Other | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | | $ 0.00 |
| b. Other | | $ 0.00 |
| c. Other | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other | | $ 0.00 |
| Other | | $ 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)    $ 4,369.00

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ 7,451.00 |
| b. | Average monthly expenses from Line 18 above | $ 4,369.00 |
| c. | Monthly net income (a. minus b.) | $ 3,082.00 |

# United States Bankruptcy Court
## Western District of Wisconsin

In re   **Mark A. Vogel**
       **Suzanne M. Vogel**              Case No.
                                   Debtor(s)       Chapter    **13**

# BUSINESS INCOME AND EXPENSES

**FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS** (NOTE: ONLY INCLUDE information directly related to the business operation.)

**PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:**

     1. Gross Income For 12 Months Prior to Filing:      $      0.00

**PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:**

     2. Gross Monthly Income      $      0.00

**PART C - ESTIMATED FUTURE MONTHLY EXPENSES:**

| | |
|---|---:|
| 3. Net Employee Payroll (Other Than Debtor)    $ | 0.00 |
| 4. Payroll Taxes | 0.00 |
| 5. Unemployment Taxes | 0.00 |
| 6. Worker's Compensation | 0.00 |
| 7. Other Taxes | 0.00 |
| 8. Inventory Purchases (Including raw materials) | 0.00 |
| 9. Purchase of Feed/Fertilizer/Seed/Spray | 0.00 |
| 10. Rent (Other than debtor's principal residence) | 0.00 |
| 11. Utilities | 0.00 |
| 12. Office Expenses and Supplies | 0.00 |
| 13. Repairs and Maintenance | 0.00 |
| 14. Vehicle Expenses | 0.00 |
| 15. Travel and Entertainment | 0.00 |
| 16. Equipment Rental and Leases | 0.00 |
| 17. Legal/Accounting/Other Professional Fees | 0.00 |
| 18. Insurance | 0.00 |
| 19. Employee Benefits (e.g., pension, medical, etc.) | 0.00 |

     20. Payments to Be Made Directly By Debtor to Secured Creditors For Pre-Petition Business Debts (Specify):

         DESCRIPTION                  TOTAL

     21. Other (Specify):

         DESCRIPTION                   TOTAL

     22. Total Monthly Expenses (Add items 3-21)      $      0.00

**PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:**

     23. AVERAGE NET MONTHLY INCOME (Subtract item 22 from item 2)      $      0.00

# United States Bankruptcy Court
## Western District of Wisconsin

In re   **Mark A. Vogel**
      **Suzanne M. Vogel**

Debtor(s)

Case No.

Chapter   **13**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

      I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **33**    sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **July 7, 2011**

Signature   **/s/ Mark A. Vogel**

          **Mark A. Vogel**
          Debtor

Date  **July 7, 2011**

Signature   **/s/ Suzanne M. Vogel**

          **Suzanne M. Vogel**
          Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Western District of Wisconsin

In re    **Mark A. Vogel**
       **Suzanne M. Vogel**                       Case No. _____
                                     Debtor(s)           Chapter     **13**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $100,198.98 | 2009 - Ball Corporation - H |
| $7,989.86 | 2009 - Fashions Outlet of America, Inc. - W |
| $93,085.44 | 2010 - Ball Corporation - H |
| $5,501.76 | 2010 - Fashions Outlet of America, Inc. - W |
| $49,834.31 | 2011 - Ball Corporation - H |
| $3,452.36 | 2011 - Fashions Outlet of America, Inc. - W |

**2. Income other than from employment or operation of business**

None ■    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

                 AMOUNT                 SOURCE

---

**3. Payments to creditors**

None ☐    *Complete a. or b., as appropriate, and c.*

     a.    *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Ally Financial**<br>**P.O. Box 130424**<br>**Roseville, MN 55113-0004** | **May, June, July 2011** | **$897.00** | **$14,757.50** |

None ■    b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■    c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **U.S. Bank National Association vs. Mark A. Vogel et al, Case No. 11-CV-509** | **Foreclosure of Mortgage** | **Jefferson County, Wisconsin** | **Pending** |

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None ☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Bluegreen Corp. - Vacation**<br>**4960 Conference Way North**<br>**Boca Raton, FL 33431** | **5/09** | **Weekly timeshare, $0.00 received** |
| **Vistana Villages, Inc.**<br>**9002 San Marco Court**<br>**Orlando, FL 32819** | **7/09** | **Weekly timeshare, $0.00 received** |
| **Wyndham Vacation Resorts, Inc.**<br>**P.O. Box 96204**<br>**Las Vegas, NV 89193** | **11/10** | **Weekly timeshare, $0.00 received** |

### 6. Assignments and receiverships

None ■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐
 List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Rogers & Westrick, S.C.**<br>**93 North Main Street**<br>**Fort Atkinson, WI 53538** | **5/11/11, 5/24/11, 6/3/11** | **1,500.00** |

**10. Other transfers**

None ☐
 a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Donald Vogel**<br><br>**Cousin** | **1/11** | **2006 Polaris 600, $2,500 received** |

None ■
 b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■
 List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ■
 List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■
 List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

### 14.  Property held for another person

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

### 15.  Prior address of debtor

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None


a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

# DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **July 7, 2011**               Signature   **/s/ Mark A. Vogel**

                                                **Mark A. Vogel**

                                                Debtor

Date   **July 7, 2011**               Signature   **/s/ Suzanne M. Vogel**

                                                **Suzanne M. Vogel**

                                                Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## Western District of Wisconsin

In re   **Mark A. Vogel**
         **Suzanne M. Vogel**

Case No. _____

Debtor(s)        Chapter   **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **2,500.00** |
| Prior to the filing of this statement I have received | $ | **1,500.00** |
| Balance Due | $ | **1,000.00** |

2.    The source of the compensation paid to me was:

     ■ Debtor     ☐ Other (specify):

3.    The source of compensation to be paid to me is:

     ■ Debtor     ☐ Other (specify):

4.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed;**

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:
        **Representation of the debtors in any dischargeability actions, judicial lien avoidances, preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods. relief from stay actions or any other adversary proceeding. Any post-petition services other than one meeting of creditors shall be paid by debtor at the rate of $175.00 per hour.**

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **July 7, 2011**             **/s/ David R. Westrick**
                                             **David R. Westrick 01021165**
                                           **Rogers & Westrick, S.C.**
                                         **93 North Main Street**
                                         **P.O. Box 68**
                                         **Fort Atkinson, WI 53538-1860**
                                         **920-563-5577  Fax: 920-563-3577**

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WISCONSIN

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Best Case Bankruptcy

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

# United States Bankruptcy Court
## Western District of Wisconsin

In re    **Mark A. Vogel**
       **Suzanne M. Vogel**                          Case No.

                                        Debtor(s)       Chapter    **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Mark A. Vogel** | | |
|---|---|---|
| **Suzanne M. Vogel** | X   **/s/ Mark A. Vogel** | **July 7, 2011** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X   **/s/ Suzanne M. Vogel** | **July 7, 2011** |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Western District of Wisconsin

In re  **Mark A. Vogel**
          **Suzanne M. Vogel**
                                Debtor(s)

Case No.

Chapter    **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:  **July 7, 2011**

**/s/ Mark A. Vogel**
**Mark A. Vogel**
Signature of Debtor

Date:  **July 7, 2011**

**/s/ Suzanne M. Vogel**
**Suzanne M. Vogel**
Signature of Debtor

Vogel, Mark and Suzanne -

Ally Financial
Acct No 154916946483
P.O. Box 380902
Bloomington, MN 55438-0902

Ally Financial
P.O. Box 130424
Roseville, MN 55113-0004

AT&T Universal Card
Acct No 5491-1303-3458-0537
P.O. Box 6500
Sioux Falls, SD 57117-6500

Bank of America
Acct No 5490-3538-3905-8632
P.O. Box 851001
Dallas, TX 75285-1001

Bank of America
Acct No 4888-9300-6988-7468
P.O. Box 851001
Dallas, TX 75285-1001

Bank of America
Acct No 4888-6031-1340-1236
P.O. Box 851001
Dallas, TX 75285-1001

Chase Card Services
Acct No 5491-0405-5103-1231
P.O. Box 94014
Palatine, IL 60094-4014

Chase Card Services
Acct No 4357-8754-2015-5034
P.O. Box 94014
Palatine, IL 60094-4014

Chase Card Services
Acct No 4266-9020-2905-1727
P.O. Box 94014
Palatine, IL 60094-4014

David M. Ritter
320 Maple Grove Drive
Jefferson, WI 53549

Discover Card
Acct No xxxx-xxxx-xxxx-6762
P.O. Box 6103
Carol Stream, IL 60197-6103

Vogel, Mark and Suzanne -


HSBC Card Services
Acct No 5410-5839-0177-3760
P.O. Box 5241
Carol Stream, IL 60197-5241

HSBC Retail Services
Acct No 0420-6911-0003-6290
Dept. 7680
Carol Stream, IL 60116-7680

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Kohl's
Acct No 020-8181-826
P.O. Box 2983
Milwaukee, WI 53201-2983

Real Time Resolutions, Inc.
Acct No 0001789963
P.O. Box 35888
Dallas, TX 75235-0888

Sam's Club/GEMB
Acct No 7714-1002-8021-3380
P.O. Box 530942
Atlanta, GA 30353-0942

Tamara S. Vogel
N5283 Watertown Road
Jefferson, WI 53549

U.S. Bank
Acct No 4190-0303-4084-9057
P.O. Box 790408
Saint Louis, MO 63179-0408

U.S. Bank Home Mortgage
Acct No 8250300875
% Johnson, Blumberg, & Associates
230 W. Monroe Street, Suite 1125
Chicago, IL 60606

Wachovia Dealer Services
Acct No 5940057153
P.O. Box 25341
Santa Ana, CA 92799-5341